UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

OXFORD HEALTH INSURANCE, INC.,                   Civ. Act. No.: 15-CV-00385(SJF-GRB)

                Plaintiff,

          -against-                                    **DOCUMENT**
                                                  **<u>ELECTRONICALLY FILED</u>**

MOTHERLY LOVE HOME CARE SERVICES,
INC., ROBERT FRANZESE and ELIZABETH
FRANZESE,

               Defendants.

-------------------------------------------------------------------X

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

---

SEDGWICK LLP
Attorneys for Plaintiff
OXFORD HEALTH INSURANCE, INC.
225 Liberty Street, 28th Floor
New York, New York 10281-1008
Telephone: (212) 422-0202

Of Counsel:
   *Michael H. Bernstein*
   *John T. Seybert*

81973482v1

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF ALLEGATIONS IN THE COMPLAINT .......................................................2

    A.    The Group Application ...................................................................................3

    B.    The Certificate of Coverage ...........................................................................4

    C.    Oxford Audits Motherly Love In Connection With Its Renewal Of The Policy Effective January 1, 2015 ....................................................................4

STANDARD OF REVIEW ..........................................................................................................8

ARGUMENT ................................................................................................................................10

POINT I:

THIS COURT HAS SUBJECT MATTER JURISDICTION OVER OXFORD'S COMPLAINT FOR DECLARATORY RELIEF ........................................................................10

POINT II:

OXFORD'S COMPLAINT PLAUSIBLY STATES  A VALID CAUSE OF ACTION .................11

    A.    Oxford Has Properly Alleged That It Is A Fiduciary ......................................12

    B.    Oxford Has Adequately Alleged That Defendants Breached The Terms Of The Plan .........................................................................................12

POINT III:

THIS COURT SHOULD EXERCISE ITS DISCRETIONARY  JURISDICTION OVER OXFORD'S CLAIMS ........................................................................................................14

CONCLUSION .............................................................................................................................15

CERTIFICATE OF SERVICE .....................................................................................................16

# <u>TABLE OF AUTHORITIES</u>

Page(s)

## CASES

*Admin. Comm. of Wal-Mart Associates Health & Welfare Plan* v. *Willard,*
   302 F. Supp. 2d 1267, 1276 (D. Kan.),
   *aff'd,* 393 F.3d 1119 (10th Cir. 2004) ........................................................................................11

*Anyanwu* v. *Columbia Broad. Sys.,*
   887 F.Supp. 690 (S.D.N.Y. 1995) ................................................................................................8

*Arista Records LLC* v. *Doe 3,*
   604 F.3d 110 (2d Cir. 2010) .........................................................................................................9

*Ashcroft* v. *Iqbal,* 556 U.S. 662 (2008) ...........................................................................................9

*Bell Atlantic Corp.* v. *Twombly,*
   550 U.S. 544 (2007) ...................................................................................................................8, 9

*Bentley* v. *The Wellpoint Companies, Inc.,*
   No 11 Civ. 8963(CM), 2012 U.S. Dist. LEXIS 21731, 2012 WL 546991 (S.D.N.Y. Feb. 17,
   2012) ...........................................................................................................................................14

*Board of Trustees of the CWA/ITU Negotiated Pension Plan* v. *Weinstein,*
   107 F.3d 139 (2d Cir. 1997) .......................................................................................................12

*Branham* v. *Meachum,*
   77 F.3d 626 (2d Cir. 1996) ...........................................................................................................9

*Briggs* v. *Paul Revere Life Ins. Co.,*
   95-CV-246(RSP/GJD), 1997 WL 538906 (N.D.N.Y. Aug. 27, 1997) .......................................11

*Caltagirone* v. *N.Y. Cmty. Bancorp, Inc.,*
   257 F. App'x 470 (2d Cir. 2007) ................................................................................................12

*Coan* v. *Kaufman,*
   457 F.3d 250 (2d Cir.2006) ........................................................................................................12

*Corn* v. *Protective Life Ins. Co.,*
   No. 3-95-CV-556(WWE), 1998 WL 51783 (D. Conn. Feb. 4, 1998) ........................................11

*Diak* v. *Dwyer, Costello & Knox, P.C.,*
   33 F.3d 809 (7th Cir.1994) .........................................................................................................13

*Dillon* v. *Metropolitan Life Ins. Co.,*
   832 F. Supp. 2d 355 (S.D.N.Y. 2011) ........................................................................................13

*Dow Jones & Co., Inc.* v. *Harrods, Ltd.*,
   237 F.Supp.2d 394 (S.D.N.Y. 2002) .............................................................................2

*Duane Reade, Inc.* v. *St. Paul Fire & Marine Ins. Co.*,
   411 F.3d 384 (2d Cir. 2005) ......................................................................................14

*Express Scripts, Inc.* v. *Eden Surgical Ctr.*,
   No. 4:10CV01409JCH, 2010 WL 4792115 (E.D. Mo. Nov. 18, 2010)..........................12

*Ferrara* v. *A Star Bus. Servs. of New York Corp.*,
   No. CV 11-5841 JS GRB, 2013 WL 1233114, (E.D.N.Y. Feb. 26, 2013)
   *report and recommendation adopted sub nom.*
   *Ferrara* v. *A Star Bus. Serv. of New York Corp.*, No. 11-CV-5841 JS GRB, 2013 WL 1233537
   (E.D.N.Y. Mar. 27, 2013)...........................................................................................11

*Fulghum* v. *Embarq Corp.*,
   No. CIV. A. 07-2602-KHV, 2008 WL 5109781 (D. Kan. Dec. 2, 2008),
   *aff'd and rev'd on other grounds*, 778 F.3d 1147 (10th Cir. 2015) *petition for cert filed*, Aug. 27, 2015.......11

*Harrington* v. *State Farm Fire & Cas. Co.*,
   563 F.3d 141 (5th Cir. 2009) ........................................................................................9

*Herman* v. *Time Warner Inc.*,
   56 F. Supp. 2d 411 (S.D.N.Y. 1999) ...........................................................................10

*Ironforge.com* v. *Paychex, Inc.*,
   747 F. Supp. 2d  384 (N.D.N.Y. 2010) ..........................................................................9

*Jenkins* v. *United States*,
   386 F.3d 415 (2d Cir. 2004) .......................................................................................14

*Kassner* v. *2nd Avenue Delicatessen*,
   496 F.3d 229 (2d Cir. 2007) .........................................................................................8

*Makarova* v. *United States*,
   201 F.3d 110 (2d Cir.2000) ..........................................................................................9

*Md. Cas. Co. v. Pac Coal & Oil Co.*,
   312 U.S. 270 (1941).....................................................................................................14

*Memorial Hosp. For Cancer & Allied Diseases* v. *Empire Blue Cross & Blue Shield*,
   No. 93 CIV. 6682 (JSM), 1994 WL 132151 (S.D.N.Y. Apr. 12, 1994) ........................10

*Powell* v. *Eustis Eng'g Co.*,
   No. CIV.A. 02-1259, 2003 WL 22533650 (E.D. La. Nov. 6, 2003) ..............................13

*Public Serv. Comm'n of Utah* v. *Wycoff Co.*,
   344 U.S. 237 (1952).....................................................................................................14

*Ragin* v. *New York Times Co.*,
   923 F.2d 995 (2d Cir. 1991) ..................................................................................8

*Ronzani* v. *Sanofi S.A.*,
   899 F.2d 195 (2d Cir. 1990) ..................................................................................9

*Schultz* v. *Stoner*,
   308 F. Supp. 2d 289 (S.D.N.Y. 2004) ................................................................13

*Schultz* v. *Stoner*,
   No. 00 Civ. 0439(LTS), 2009 WL 455163 (S.D.N.Y. Feb. 24, 2009) .................13

*Sereboff* v. *Mid Atl. Med. Servs., Inc.*,
   547 U.S. 356 (2006) ............................................................................................12

*T&M Meat Fair, Inc.* v. *United Food and Commercial Workers, Local 174, AFL-CIO*,
   210 F. Supp. 2d 443 (S.D.N.Y. 2002) ................................................................13

*Trustees of the Bldg. Trades Educ. Ben. Fund* v. *Crana Elec., Inc.*,
   No. 10 CV 2065 DRH WDW, 2011 WL 4434190 (E.D.N.Y. Sept. 22, 2011) ...................9

*Turkmen* v. *Ashcroft*,
   589 F.3d 542(2d Cir. 2009) ...................................................................................9

*UBS Sec. LLC* v. *Finish Line, Inc.*,
   07 Civ. 10382 (LAP), 2008 U.S. Dist. LEXIS 18183, 2008 WL 536616 (S.D.N.Y. Feb. 22,
   2008) ....................................................................................................................14

*US* v. *ex rel. Riley St. Luke's Episcopal Hosp.*,
   355 F.3d 370 (5th Cir. 2004) .................................................................................9

*Wisconsin Laborers Health Fund* v. *KCM Excavation & Landscaping, LLC*,
   No. 13-C-1366, 2014 WL 1347489 (E.D. Wis. Apr. 3, 2014) .............................11

### STATUTES

29 U.S.C. § 1059 .................................................................................................13

Declaratory Judgment Act, 28 U.S.C. § 2201(a) .................................................14

Employee Retirement Income Security Act of 1974,
   29 U.S.C. §1001, *et seq.*, as amended ("ERISA") ............................................ 1, 4

ERISA §104(b)(4) ................................................................................................12

ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) ......................................2, 11, 12, 13

FED. R. CIV. P., RULE 12(b) ......................................................................8, 9, 10

## PRELIMINARY STATEMENT

Plaintiff Oxford Health Insurance, Inc. ( "Oxford") respectfully submits this Memorandum of Law in opposition to the Motion to Dismiss filed by Defendants Motherly Love Home Care Services, Inc. ("Motherly Love"), Robert Franzese and Elizabeth Franzese (collectively, "Defendants").

It is apparent from Defendants' Memorandum of Law in Support of the Motion to Dismiss that they (a) do not understand the nature of the relief sought by Oxford, (b) cannot distinguish between the issues presented by Oxford's Complaint and those presented in the lawsuit they previously filed with this Court (*Franzese* v. *Oxford - Civ. Act. No. 14-CV1902*), and/or (c) are intentionally mischaracterizing the underlying issues in an attempt to confuse the Court. Whatever the case may be, it is important to understand and acknowledge that the parties have two separate disputes related to a New York Community Rated Small Group Health Plan issued by Oxford to Motherly Love (group number ML19597) (the "Plan").[1]

The first dispute—which is not relevant to Defendants' Motion to Dismiss and is not presently before the Court—concerns Oxford's denial of healthcare benefits for in-home nursing services allegedly provided to the Franzeses' son during **the 2014 Plan year**. Specifically, on March 25, 2014, Motherly Love commenced an ERISA benefit action in this Court challenging Oxford's denial of healthcare benefits under the terms of the 2014 Plan (the "2014 Benefits Lawsuit"). On August 18, 2014, Oxford timely filed an Answer denying the material allegations of the Complaint and raising several affirmative defenses. Oxford also timely served a Motion for Summary Judgment which, upon completion of all necessary briefing, will be submitted to this Court for consideration.

The second dispute—which is presently before the Court—concerns Defendants' obstinate refusal to provide evidence of eligibility to participate **in the 2015 Plan** as set forth in detail in Oxford's Complaint

---

[1] The Plan is an employee welfare benefit plan established and maintained for the benefit of Motherly Love's employees. As such, it is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*, as amended ("ERISA").

for Declaratory Relief (the "2015 Eligibility Lawsuit").  Oxford terminated Defendants' coverage for 2015 as a result of Motherly Love's refusal to satisfy its fiduciary obligation to provide objective evidence of eligibility.  Defendants have responded by (a) refusing to accept the termination, and (b) threatening to commence a state law action seeking reinstatement of their coverage effective January 1, 2015.

As noted in Defendants' moving papers, "one of the primary purposes of declaratory relief is to promote efficiency, i.e., to allow 'one action to define the legal relationships and adjust the attendant rights and obligations at issue between the parties.'"  Defendants' Memorandum, p. 8 (citing *Dow Jones & Co., Inc.* v. *Harrods, Ltd.*, 237 F.Supp.2d 394, 405 (S.D.N.Y. 2002)).  It was in the spirit of this principle that Oxford elected to file its Complaint for Declaratory Relief with this Court so that the 2015 Eligibility Lawsuit could be efficiently decided along-side the pre-existing 2014 Benefits Lawsuit.  Oxford clearly has standing, pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), to bring an action in this Court to enjoin any act or practice that violates the terms of the Plan (i.e., an injunction prohibiting Defendants from withholding evidence of eligibility) and/or to obtain other appropriate equitable relief (i.e., a declaratory judgment that Defendants are not eligible for coverage under the Plan after January 1, 2015).

By telephone call on May 6, 2015, Oxford agreed to withdraw this action if Defendants would confirm that they would not seek to reinstate coverage under the Plan.  By email sent May 12, 2015, Defendants' counsel confirmed that a justiciable controversy exists because Defendants refused to dismiss the action.  (Declaration of John T. Seybert dated September 3, 2015 ("Seybert Dec.") Ex. "5").  Given this background, it is clear that Defendants' Motion to Dismiss must be denied.

## STATEMENT OF ALLEGATIONS IN THE COMPLAINT

Oxford is a licensed health insurance company operating under the laws of the State of New York with its principal place of business in Trumbull, Connecticut.  (Complaint, ¶1).  Motherly Love is a corporation incorporated in the State of New York with its residence in Centereach, New York. (Complaint, ¶2). Robert Franzese is an owner of Motherly Love and resides in Centereach, New York.

(Complaint, ¶3).  Elizabeth Franzese is the spouse of Robert Franzese, is an owner of Motherly Love and resides in Centereach, New York.  (Complaint, ¶4).

## A.  **THE GROUP APPLICATION**

Motherly Love completed a New York Small Group (2-50) Application – OHI (the "Application") for group health insurance coverage commencing January 1, 2014.  (Complaint, ¶7).  The Application was submitted electronically by Motherly Love's broker Anthony Vlachos.  (Complaint, ¶8).  The Administrative Section of the Application states:  "To be eligible for small group coverage, you must be located in a county where we offer this Oxford product and have at least 2 but not more than 50 eligible employees." (Complaint, ¶9).  The Application defines "Eligible Employees" as "Active permanent employees of the employer and of all subsidiaries or affiliates of a corporate employer who work 20 or more hours per week and are eligible for health benefits through the employer's group health plan."  (Complaint, ¶10).  Motherly Love represented in its Application that it had three Eligible Employees. (Complaint, ¶11).  The Applicant Agreement states in part:

> The Applicant confirms that we employ no more than 50 eligible active permanent employees and no fewer than 2 eligible active permanent employees. The Applicant understands that 1099-compensated individuals are not eligible for group coverage with Oxford.
>
> The Applicant understands that this Application may be chosen for an audit to confirm the information provided. Audits may be conducted before or after enrollment. If documents reviewed or submitted during an audit show that the information provided on an application was false or that the group does not meet underwriting requirements, the group will not be enrolled (audit completed prior to enrollment) or will be terminated (audit completed post enrollment).
>
> The Applicant understands that other audits may be conducted while the Group Policy and Group Enrollment Agreement is in effect and agrees that all documents or other information that may impact coverage or premiums will be available for inspection.

(Complaint, ¶12).

Based on the information contained in the Application, Oxford issued the Policy to the Plan and coverage under the Plan took effect on January 1, 2014.  (Complaint, ¶13).

**B.  THE CERTIFICATE OF COVERAGE**

The Application provided that "[t]he plan documents (including, but not limited to, the application, policy certificate(s) and riders) will determine the contractual provisions, including procedures, exclusions and limitations relating to the plan, and will govern in the event they conflict with any benefits comparison, summary of coverage or other description of the plan."  (Complaint, ¶14).  Oxford issued Certificates of Coverage to the enrollees in the Plan.  (Complaint, ¶15). These Certificates provide in part:

> **Enrollment ERISA.** The Group Policyholder will develop and maintain complete and accurate payroll records, as well as any other records of the names, addresses, ages, and social security numbers of all group members covered under this Certificate, and any other information required to confirm their eligibility for coverage. ***The Group Policyholder will provide Us with this information upon request.***
>
> The Group Policyholder may also have additional responsibilities as the "plan administrator" as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The "plan administrator" is the Group Policyholder, or a third party appointed by the Group Policyholder. We are not the ERISA plan administrator.

(Complaint, ¶16) (Emphasis Added).

**C.  OXFORD AUDITS MOTHERLY LOVE IN CONNECTION WITH ITS RENEWAL OF THE POLICY EFFECTIVE JANUARY 1, 2015**

By letter dated October 1, 2014, Oxford requested that Motherly Love verify its continued eligibility to participate in the Plan.  The letter also advised that if the information was not provided to Oxford's satisfaction, coverage under the Plan would not be renewed.  (Complaint, ¶17).  Motherly Love failed to provide all of the requested information.  (Complaint, ¶18).  By letter dated October 21, 2014, Oxford requested the following information from Motherly Love:

> 1) Please provide the first page of the 1120 along with the Schedule: E, K or G that identifies the owner(s) names, last 4 of their social security number and their division of ownership from 2013. We do require 100% of ownership to be provided. If the 2013 filing is not available please provide

> the same information above for 2012 return along with a copy of your 2013 tax extension form 7004, Please note: if there was a change in ownership we will require a current dated letter from the group's CPA or Attorney on their letterhead stating the date the change in ownership occurred and the owner(s} names, last 4 of their social security numbers and their division of ownership totaling 100%.
>
> 2) Please provide job titles and descriptions and confirm the number of hours worked per week for Motherly Love Home Care Services Inc. for Elizabeth Franzese, Robert Franzese & Frank Franzese.

(Complaint, ¶19).

In response, Motherly Love submitted a letter dated October 24, 2014 and a copy of its tax reporting forms.  Motherly Love asserted that "Both Robert Franzese (9726) and Elizabeth Franzese (8846) due to the nature of the business of pediatric home care work [ ] are on call 24 hours per day. Frank Franzese (8937) provides night and weekend 'on-call' services. 8 hours per day."  (Complaint, ¶20; *See* Seybert Dec., Ex. "1"). By letter dated November 21, 2014, Oxford requested that Motherly Love provide the following information to substantiate Motherly Love's eligibility to remain enrolled for coverage:

> Quarterly Combined Withholding, Wage Reporting and Unemployment Insurance Return Forms (NYS-45 and NYS-45-ATT) for the first three quarters of 2014 indicating that these employees' wages were reported to the state. Also, please provide copies of all business records demonstrating that these employees worked the required twenty hours per week on a continuous basis.

(Complaint, ¶21).

On November 26, 2014, Oxford received copies of Motherly Love's NYS-45 Quarterly Tax Forms. The documents reflect that Frank Franzese, a person who Motherly Love represented was an Eligible Employee in its Application, was not paid any wages in the first three quarters of the 2014 calendar year. Motherly Love did not provide any additional information demonstrating that any of its alleged Eligible Employees worked twenty hours per week on a continuous basis, as required by the Plan.  (Complaint, ¶22).

By letter dated December 1, 2014, Oxford advised Motherly Love that it had failed to meet its obligation to demonstrate that it qualified for group coverage under Oxford's NY Community-Rated Small

Group Plan. The letter further advised Motherly Love that its coverage would terminate effective December 31, 2014 and that renewal of coverage would not take effect because Motherly Love failed to submit proof demonstrating it met the underwriting requirements for coverage in 2015. Specifically, the letter stated:

> The Underwriting Requirements require at least one "eligible employee." An "eligible employee" cannot be an individual business owner or his/her spouse. Moreover, the "eligible employee" must be an active permanent employee of the employer working twenty (20) hours or more per week on a continuous basis. You have not provided any objectively verifiable information demonstrating that your company employs an "eligible employee."

(Complaint, ¶23).

Subsequently, by email dated December 5, 2014, Motherly Love asserted that its broker had received confirmation that the policy would be renewed. (Complaint, ¶24). By letter dated December 9, 2014, Oxford requested that Motherly Love provide the following documents:

> 1) For Robert and Elizabeth Franzese please provide a complete quarterly report of hours worked per week for the 3rd quarter of 2014; and
> 2) Please provide an explanation of the job descriptions for Robert and Elizabeth Franzese.

(Complaint, ¶25).

In response, Robert and Elizabeth Franzese submitted a joint Affidavit in which they represented that they work "24/7" and admitted that "we do not get paid hourly nor do we keep time records for ourselves. Although there is a variation in what we pay ourselves, it is strictly related to cash flow from reimbursements, nursing payroll and other debts of the business, at any given time." (Complaint, ¶26). (*See also* Seybert Dec., Ex. "2").

By letter dated December 18, 2014, Oxford advised Motherly Love that its coverage would not be renewed and explained:

> We had requested a complete quarterly report of hours worked per week for the 3rd quarter of 2014 along with an explanation of job descriptions for Robert and Elizabeth Franzese. The information provided in your affidavit

> did not answer our outstanding questions. The answers are necessary for us to determine the eligibility for Robert and Elizabeth Franzese.
>
> As we stated in our initial letter to you dated October 1, 2014, if we did not receive the appropriate and complete documentation from you by your renewal date, your group's coverage will not be renewed. Your policy will be cancelled as of your renewal date of 1/1/2015. It was also indicated that you may receive additional policy renewal information prior to the renewal date shown above; however, if eligibility requirements are not confirmed, the renewal information will no longer be valid and, as mentioned above, your policy will be cancelled (non-renewed) as of your renewal date of 1/1/2015.

(Complaint, ¶27).

Motherly Love did not provide the requested information and instead, submitted another joint Affidavit from Robert and Elizabeth Franzese, providing some additional information and asserting that they were relying on their broker's representation that coverage was to be renewed. (Complaint, ¶28; Seybert Dec. Ex. "3").  By letter dated December 23, 2014, Oxford responded by confirming that Motherly Love's submissions did not satisfy the Plan requirements that it maintain records of its enrollees eligibility stating:

> The Affidavit dated December 19, 2014 identifies the following activities as being performed by both Robert and Elizabeth Franzese: "recruiting and scheduling independent pediatric nurses, billing, arranging for care plans from physicians and follow-up phone calls with doctors, speak with out-patient personnel to arrange for care for patients, deal with insurance companies, constant communication with parents of children, scheduling, collections and spending untold hours fighting with insurance companies to get bills paid." (Aff. ¶3). Based on this recitation of duties performed by Robert and Elizabeth Franzese, there should be records substantiating their work done on behalf of Motherly Love. These records, if provided, may be acceptable to Oxford to substitute for the lack of contemporaneous time records. Therefore, we ask that you submit the following documents to us: (1) copies of contracts with nurses; (2) copies of contracts with patients and/or clients (3) communications with nurses for recruiting and scheduling of work; (4) schedules for nurses; (5) copies of claims submitted to insurance companies and responsive explanations of benefits from those companies; (6) copies of care plans and/or related communications with medical doctors; (7) copies of communications with "patients"; and (8) copies of communications with insurance companies disputing claims and payments. These documents may be redacted to protect against the disclosure of any protected health information. These documents should also be limited to work done in the third quarter of 2014.

> As we stated in our initial letter to you dated October 1, 2014, your group's coverage will not be renewed if we do not receive appropriate and complete documentation from you by your renewal date. Since we have not yet received the requested documentation, your policy will be cancelled as of your renewal date of 1/1/2015. We also advised that you may receive additional policy renewal information prior to the renewal date shown above; however, if eligibility requirements are not confirmed, the renewal information will no longer be valid and, as mentioned above, your policy will be cancelled (non-renewed) as of your renewal date of 1/1/2015.

(Complaint, ¶29).

Motherly Love refused to provide any of this information.  Instead, it submitted photographs of Robert and Elizabeth Franzese, purportedly taken in their home office.  (Complaint, ¶30). (*See* Seybert Dec., Ex. "4").  In doing so, Motherly Love continued to dispute the non-renewal of the policy and advised that it intended to rely on Motherly Love's broker's statements that the coverage would be renewed, despite its admitted receipt of Oxford's correspondence clearly advising that the policy would not be renewed. (Complaint, ¶31). By letter dated January 15, 2015, Oxford attempted to resolve the issue by explaining that the proof offered did not show that Motherly Love was eligible to participate in Oxford's New York Community-Rated Small Group Plan and that it should provide any evidence it had to support its claim of eligibility.  (Complaint, ¶32). By email on January 15, 2015, Motherly Love again refused to provide any such information and advised that it would seek to hold Oxford liable for any and all medical claims incurred by the enrollees in the Motherly Love health benefit plan arising after January 1, 2015.  (Complaint, ¶33).

## STANDARD OF REVIEW

In ruling on a Rule 12(b)(6), FED. R. CIV. P., motion to dismiss, a Court must assume that all allegations in the Complaint are true. *See Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 555-56 (2007). All reasonable inferences should be drawn in favor of the plaintiff.  *See Kassner* v. *2nd Avenue Delicatessen*, 496 F.3d 229, 237 (2d Cir. 2007).  The defendant bears the burden of proof on a motion to dismiss. *See Ragin* v. *New York Times Co.*, 923 F.2d 995, 999 (2d Cir. 1991); *Anyanwu* v. *Columbia Broad. Sys.*, 887 F.Supp. 690, 692 (S.D.N.Y. 1995) (noting substantial burden of proof on defendant in Rule 12(b)(6), FED. R. CIV. P., motion).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but rather must simply provide the grounds of entitlement to relief and raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. "Asking for plausible grounds. .. does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" that may establish the plaintiff's right to relief. *Id.* at 556. Indeed, "although *Twombly* and *Iqbal*[2] require 'factual amplification [where] needed to render a claim plausible,' *Twombly* and *Iqbal* [do not] require the pleading of specific evidence or extra facts beyond what is needed to make a claim plausible." *Ironforge.com* v. *Paychex, Inc.*, 747 F. Supp. 2d  384, 400-01 (N.D.N.Y. 2010) (citing *Turkmen* v. *Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009); *Arista Records LLC* v. *Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010)). Moreover, the Court need not evaluate the merits of the allegation, as "[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely, but that is not the test." *Branham* v. *Meachum*, 77 F.3d 626, 628 (2d Cir. 1996); *see also US* v. *ex rel. Riley St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Thus, even if recovery is very unlikely, a well-pleaded complaint may proceed.  *See Twombly*, 550 U.S. at 555. Notably, "[a] Rule 12(b)(6) motion to dismiss 'is viewed with disfavor and is rarely granted.'" *Harrington* v. *State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).  The federal policy in favor of deciding claims on their merits advocates for granting a plaintiff leave to amend and refile a pleading if a Court finds that it is inadequate. *See, e.g., Ronzani* v. *Sanofi S.A.*, 899 F.2d 195, 198-99 (2d Cir. 1990).

In resolving a motion that challenges standing under Rule 12(b)(1), FED. R. CIV. P., a court may "refer to evidence outside the pleadings." *Makarova* v. *United States*, 201 F.3d 110, 113 (2d Cir.2000); *see Trustees of the Bldg. Trades Educ. Ben. Fund* v. *Crana Elec., Inc.*, No. 10 CV 2065 DRH WDW, 2011 WL

---

[2] *Ashcroft* v. *Iqbal,*556 U.S. 662 (2008).

4434190, at *2 (E.D.N.Y. Sept. 22, 2011); *Herman* v. *Time Warner Inc.*, 56 F. Supp. 2d 411, 416 (S.D.N.Y. 1999) (denying motion to dismiss under 12(b)(1)).

## ARGUMENT

## POINT I

### THIS COURT HAS SUBJECT MATTER JURISDICTION OVER OXFORD'S COMPLAINT FOR DECLARATORY RELIEF

Defendants argue that Oxford "lacks standing under ERISA to bring an action for a declaration that *its denial of benefits was proper.*" Defendants' Memorandum, p. 4 (emphasis added). Defendants do not understand the nature of the relief sought by Oxford.

Oxford is not seeking a declaratory judgment sanctioning its denial of health benefits for the in-home nursing services the Franzeses' son allegedly incurred under the Plan in 2014. Rather, as summarized above, Oxford's Complaint alleges that (a) Motherly Love was required, per the terms of the Plan, to "develop and maintain complete and adequate payroll records … and any other information required to confirm [group members] eligibility for coverage" (Complaint, ¶16), (b) Motherly Love was required to provide eligibility records and information to Oxford upon request (*Id.*), and (c) Motherly Love violated the terms of the Plan by failing to develop and maintain the required records and/or refusing to provide them to Oxford upon request (Complaint, ¶18). Thus, Oxford is seeking a declaratory judgment that its decision not to renew the Plan was proper in light of Motherly Love's violations of the Plan and the complete and utter lack of evidence supporting eligibility and, as such, Oxford is not required to provide coverage to Defendants for the 2015 period. [3]

---

[3]  It is clear that Defendants simply do not understand the issue presently before the Court and Defendants' confusion infects their entire Memorandum of Law. For example, Defendants assert that Oxford is not entitled to seek declaratory relief, citing *Memorial Hosp. For Cancer & Allied Diseases* v. *Empire Blue Cross & Blue Shield*, No. 93 CIV. 6682 (JSM), 1994 WL 132151, at *6 (S.D.N.Y. Apr. 12, 1994). *See* Defendants' Memorandum, p. 6. But *Memorial Hospital* involved an attempt to preemptively deny benefits—not threshold eligibility issues.

This Court has subject matter jurisdiction over Oxford's claim under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) and the Declaratory Judgment Act. *See, e.g., Admin. Comm. of Wal-Mart Associates Health & Welfare Plan* v. *Willard*, 302 F. Supp. 2d 1267, 1276 (D. Kan.) ("Given the ongoing controversy as to rightful ownership of the funds, the Administrative Committee could have filed suit under the Declaratory Judgment Act to determine the parties' rights as to those funds.") *aff'd*, 393 F.3d 1119 (10th Cir. 2004); *see also Fulghum* v. *Embarq Corp.*, No. CIV. A. 07-2602-KHV, 2008 WL 5109781, at *11 (D. Kan. Dec. 2, 2008) ("Although it appears that the DJA will not provide plaintiffs any additional relief, defendants have not shown that as a matter of law plaintiffs cannot seek relief under both the DJA and ERISA.") *aff'd and rev'd on other grounds* 778 F.3d 1147 (10th Cir. 2015) *petition for cert filed*, Aug. 27, 2015; *Wisconsin Laborers Health Fund* v. *KCM Excavation & Landscaping, LLC*, No. 13-C-1366, 2014 WL 1347489, at *1 (E.D. Wis. Apr. 3, 2014); *Ferrara* v. *A Star Bus. Servs. of New York Corp.*, No. CV 11-5841 JS GRB, 2013 WL 1233114, at *6 (E.D.N.Y. Feb. 26, 2013) *report and recommendation adopted sub nom. Ferrara* v. *A Star Bus. Serv. of New York Corp.*, No. 11-CV-5841 JS GRB, 2013 WL 1233537 (E.D.N.Y. Mar. 27, 2013); *cf. Corn* v. *Protective Life Ins. Co.*, No. 3-95-CV-556(WWE), 1998 WL 51783, *4 (D. Conn. Feb. 4, 1998) (finding that the fiduciary's decision to rescind policy based on material misrepresentation was subject to arbitrary and capricious standard of review where plan granted fiduciary discretion to determine eligibility); *Briggs* v. *Paul Revere Life Ins. Co.*, 95-CV-246(RSP/GJD), 1997 WL 538906, *5 (N.D.N.Y. Aug. 27, 1997) (same).

## POINT II

### OXFORD'S COMPLAINT PLAUSIBLY STATES
### A VALID CAUSE OF ACTION

Oxford has alleged in its Complaint that the Defendants violated the terms of the Plan by misrepresenting the eligibility of the participants to enroll in the Plan and/or by failing to maintain and produce documentation necessary to support each enrollee's eligibility as required by the written terms of the Plan. (Complaint, ¶¶35-43). Thus, Oxford's Complaint clearly alleges a valid cause of action under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), which allows a fiduciary to file an action "to enjoin any act or

practice which violates any provision of this subchapter or the terms of the plan" and to "to obtain other appropriate equitable relief" to redress such violations and to enforce the terms of the Plan. *See Sereboff* v. *Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 361 (2006) (ruling that a claim administrator is entitled to bring an action for equitable relief under ERISA §502(a)(3)); *Board of Trustees of the CWA/ITU Negotiated Pension Plan* v. *Weinstein*, 107 F.3d 139, 142 (2d Cir. 1997) (holding "'Administrators' request for equitable relief in the form of a declaratory judgment that ERISA §104(b)(4) does not require disclosure of the actuarial valuation reports demanded by [the defendant] constituted a request for the enforcement of that section in accordance with plaintiffs' interpretation of its scope."); *Express Scripts, Inc.* v. *Eden Surgical Ctr.*, No. 4:10CV01409JCH, 2010 WL 4792115, at *2 (E.D. Mo. Nov. 18, 2010) (finding plaintiff had "properly alleged an equitable cause of action for declaratory judgment under ERISA.").

## A.  OXFORD HAS PROPERLY ALLEGED THAT IT IS A FIDUCIARY

It is well-settled that the right of action Oxford has asserted in its Complaint is available to "participants, beneficiaries, ***or fiduciaries*** of an employee benefit plan." *Caltagirone* v. *N.Y. Cmty. Bancorp, Inc.*, 257 F. App'x 470, 472 (2d Cir. 2007) (quoting *Coan* v. *Kaufman*, 457 F.3d 250, 255 (2d Cir.2006)). Oxford has alleged facts supporting its status as a Plan "fiduciary" under ERISA (Complaint, ¶35). Defendants do not dispute Oxford's status as a Plan fiduciary.

## B.  OXFORD HAS ADEQUATELY ALLEGED THAT DEFENDANTS BREACHED THE TERMS OF THE PLAN

Oxford has alleged sufficient facts to support its claim that Defendants (as Plan fiduciaries) violated the terms of the Plan.  Specifically, Defendants had a fiduciary duty to maintain accurate records (including, but not limited to, payroll records) to establish the eligibility of the participants who were enrolled in the Plan.  (Complaint, ¶¶12, 16).  Defendants also had a fiduciary obligation to accurately report to Oxford necessary information concerning the enrollees' eligibility to participate in the Plan.  (*Id.*).  Defendants failed to maintain the required records and/or they refused to provide it to Oxford upon request.  As a result, Oxford provided notice that coverage under the Plan would not be renewed for the 2015 calendar year.

Defendants refused to accept Oxford's decision. Yet they refused to cure their violations of the terms of the Plan by producing the requisite proof of eligibility.

Given these facts, there can be no genuine dispute that Oxford is entitled to relief from this Court. Indeed, "ERISA imposes on employers the duty to maintain accurate employment records, and at least one court has enumerated this duty as a fiduciary one." *Powell* v. *Eustis Eng'g Co.*, No. CIV.A. 02-1259, 2003 WL 22533650, at *3 (E.D. La. Nov. 6, 2003) (quoting *Diak* v. *Dwyer, Costello & Knox, P.C.*, 33 F.3d 809, 811 (7th Cir.1994) (citing 29 U.S.C. § 1059)) (footnote omitted); *see also Schultz* v. *Stoner*, 308 F. Supp. 2d 289, 310 (S.D.N.Y. 2004) (action for declaratory relief arising from dispute surrounding participants' eligibility under ERISA plan); *Schultz* v. *Stoner*, No. 00 Civ. 0439(LTS), 2009 WL 455163 at *16 (S.D.N.Y. Feb. 24, 2009) (action resulting in "other equitable relief" under ERISA); *T&M Meat Fair, Inc.* v. *United Food and Commercial Workers, Local 174, AFL-CIO*, 210 F. Supp. 2d 443, 446-48 (S.D.N.Y. 2002) (ERISA §502(a)(3) provides allows one Plan fiduciary to pursue claims arising from another Plan fiduciary's dereliction of duty); *cf. Dillon* v. *Metropolitan Life Ins. Co.*, 832 F. Supp. 2d 355, 364 (S.D.N.Y. 2011) (finding courts are to review an insurer's decision to terminate and rescind coverage under an arbitrary and capricious standard pursuant to ERISA).

Oxford's Complaint alleges that Defendants breached their fiduciary obligation, which was set forth in the Plan documents, requiring Motherly Love to "develop and maintain complete and accurate payroll records . . . and any other information required to confirm their eligibility for coverage" and to "provide [Oxford] with this information upon request." (Complaint, ¶16). It is this breach of Defendants' fiduciary duties that form the basis for lawsuit. Defendants challenge the termination of coverage effective January 1, 2015, but they also want to be relieved of their fiduciary duties under the Plan. Oxford is therefore entitled to appropriate equitable relief. Given the foregoing, Oxford has certainly alleged a "short and plain statement" that plausibly states a valid cause of action under ERISA §502(a)(3).

**POINT III**

**THIS COURT SHOULD EXERCISE ITS DISCRETIONARY JURISDICTION OVER OXFORD'S CLAIMS**

Defendants note that "[i]t is left to the discretion of the district court to decide whether to hear declaratory relief claims." Defendants' Memorandum, p. 7. The circumstances of this case make clear that the Court should hear Oxford's claim and grant the requested relief.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), a court "may declare the rights and other legal relations of any interested party seeking such a declaration" in "a case of actual controversy." An "actual controversy" exists if there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *Duane Reade, Inc.* v. *St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005) (quoting *Md. Cas. Co.* v. *Pac Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The disagreement must "have taken on a fixed and final shape so that a court can see what legal issues it is deciding." *Jenkins* v. *United States*, 386 F.3d 415, 418 (2d Cir. 2004) (quoting *Public Serv. Comm'n of Utah* v. *Wycoff Co.*, 344 U.S. 237, 244 (1952)). "The Second Circuit has provided two factors to help district courts properly exercise the broad discretion conferred by the Declaratory Judgment Act: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue; and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding" *Bentley* v. *The Wellpoint Companies, Inc.*, No 11 Civ. 8963(CM), 2012 U.S. Dist. LEXIS 21731, 2012 WL 546991, at *4 (S.D.N.Y. Feb. 17, 2012). Additionally, and importantly, the Declaratory Judgment Act was designed to "avoid multiplicity of actions." *UBS Sec. LLC* v. *Finish Line, Inc.,* 07 Civ. 10382 (LAP), 2008 U.S. Dist. LEXIS 18183, 2008 WL 536616, at *3 (S.D.N.Y. Feb. 22, 2008).

Here, Defendants violated the terms of the Plan by failing to maintain appropriate evidence of group members' eligibility and/or refusing to provide it to Oxford upon request. They then refused to accept and acknowledge the non-renewal of coverage for the 2015 Plan year (threatening to file suit in state

court to reinstate coverage) while, shockingly, remaining steadfast in their refusal to satisfy their fiduciary obligations under the Plan.  There is, therefore, an actual controversy between the parties that is fixed and final.  A declaratory judgment by this Court will clarify and settle the legal relations in issue and afford relief from the controversy giving rise to this action.  Finally, given the pre-existing 2014 Benefits Lawsuit already before this Court, an exercise of discretionary jurisdiction by this Court over Oxford's request for declaratory judgment will avoid multiplicity of actions.

## CONCLUSION

Based on the foregoing, Oxford respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety.

Dated:  New York, New York
        September 3, 2015

                                        Respectfully submitted,


                                        s/ John T. Seybert
                                        Michael H. Bernstein
                                        John T. Seybert
                                        SEDGWICK LLP
                                        Attorneys for Plaintiff
                                        OXFORD HEALTH INSURANCE, INC.
                                        225 Liberty Street, 28th Floor
                                        New York, New York 10281-1008
                                        Telephone (212) 422-0202
                                        Facsimile (212) 422-0925

## CERTIFICATE OF SERVICE

I, John T. Seybert, an attorney for Oxford Health Insurance, Inc., hereby certify that on this 3rd day

of September, 2015, a copy of the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN**

**OPPOSITION TO MOTION TO DISMISS** was served via United States Postal Service first-class mail

and email, on the following:

> Richard E. Fish, Esq.
> DUNCAN, FISH & VOGEL, LLP
> 317 Middle Country Road, Suite 5
> Smithtown, NY  11787
> Telephone (631) 979-8001

s/ John T. Seybert
John T. Seybert

81973482v1                                16