DUNCAN, FISH & VOGEL, LLP
*Attorneys for Defendants*
317 Middle Country Road, Suite 5
Smithtown, NY 11787
(631) 979-8001
    Richard E. Fish, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
OXFORD HEALTH INSURANCE, INC.,        Case No. 2:15-cv-00385 (SJF)(AKT)

                Plaintiff,

      -against-                           **REPLY AFFIRMATION OF**
                                              **RICHARD E. FISH IN FURTHER**
MOTHERLY LOVE HOME CARE SERVICES,   **SUPPORT OF DEFENDANTS'**
INC., ROBERT FRANZESE and ELIZABETH   **MOTION TO DISMISS COMPLAINT**
FRANZESE,                                        **FOR DECLARATORY RELIEF**

                Defendants.
---------------------------------------------------------------X

      **RICHARD E. FISH, ESQ.**, an attorney duly licensed to practice law before all the courts of the State of New York, hereby affirms the following to be true under penalties of perjury:

      1.     I am an attorney duly admitted to the Courts of the State of New York and duly authorized to practice before this Court. I am the attorney for the Defendants, MOTHERLY LOVE HOME CARE SERVICES, INC., ROBERT FRANZESE and ELIZABETH FRANZESE (hereinafter collectively referred to as "Motherly Love).

      2.     The Court is respectfully referred to the annexed Reply Memorandum of Law submitted in response to Plaintiff's opposition memorandum, and in further support of Motherly Love's application to this Court seeking an Order:

          (i)     pursuant to Fed. R. Civ. P. 12(b)(1), dismissing this action for lack of subject matter jurisdiction; and

          (ii)    pursuant to Fed. R. Civ. P. 12(b)(1), dismissing this action for failure to state a claim; and

(iii)     pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), dismissing this action under the Court's inherent discretionary authority; and

(iv)     awarding Defendants' such other and further relief as this Court deems just and proper.

WHEREFORE, based upon the upon the Complaint in this action, Motherly Love's motion to dismiss, together with the exhibits attached thereto, the accompanying memoranda of law, and all other pleadings and proceedings heretofore had herein, Motherly Love respectfully requests that Plaintiff's application for declaratory relief be denied in its entirety.

Dated: Smithtown, New York
       September 28, 2015

                                   Respectfully submitted,

                                   DUNCAN, FISH & VOGEL, LLP
                                   *Attorneys for Defendants*

                                   _____
                                   By: RICHARD E. FISH, ESQ.
                                   317 Middle Country Road, Suite 5
                                   Smithtown, New York 11787
                                   (631) 979-8001

## CERTIFICATE OF SERVICE

I, Richard E. Fish, an attorney for Defendants, Motherly Love Home Care Services, Robert Franzese and Elizabeth Franzese, hereby certify that on this 28th day of September, 2015, I served a copy of the foregoing by U.S. Postal Service first-class mail and email, on the following:

Sedgwick LLP.
Att: John Seybert, Esq.
225 Liberty Street
28th Floor
New York, New York  10281-1008

_____
RICHARD E. FISH

Dated:  Smithtown, New York
        September 28, 2015

DUNCAN, FISH & VOGEL, LLP
*Attorneys for Defendants*
317 Middle Country Road, Suite 5
Smithtown, NY 11787
(631) 979-8001
    Richard E. Fish, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
OXFORD HEATH INSURANCE, INC.,            Case No. 2:15-cv-00385 (SJF)

                Plaintiff,

       -against-

MOTHERLY LOVE HOME CARE SERVICES,
INC., ROBERT FRANZESE and ELIZABETH
FRANZESE,

                Defendants.
-----------------------------------------------------------X

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS COMPLAINT FOR DECLARATORY RELIEF

### INTRODUCTION

    Defendants, MOTHERLY LOVE HOME CARE SERVICES, INC., ROBERT FRANZESE and ELIZABETH FRANZESE (hereinafter collectively referred to as "Motherly Love"), by their attorneys, Duncan Fish & Vogel, LLP, respectfully submit this Reply Memorandum of Law in further support of their motion for an Order pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure seeking to dismiss the Declaratory Judgment action filed by Plaintiff, OXFORD HEALTH INSURANCE, INC. (hereinafter "Oxford").

1

Based upon the arguments set forth in the underlying motion to dismiss and herein, Motherly Love respectfully requests that this Court deny Oxford's application in its entirety, and provide Motherly Love such other and further relief as this Court deems just and proper.

### STATEMENT OF FACTS RELEVANT TO THE COURT'S CONSIDERATION OF DEFENDANTS' MOTION TO DISMISS

Defendants respectfully offer the following additional facts relevant to this Court's consideration of this Motion to Dismiss:

1. Oxford provided group health insurance coverage to Motherly Love beginning on January 1, 2014. (Complaint at ¶13)

2. Contemporaneously with the purchase of this coverage, on or about January 3, 2014, Motherly Love provided Oxford with a copy of its 2012 U.S. Corporation Income Tax Return and its Shareholder Agreement to support qualification of the group. (319-336)[1]  Upon information and belief, this information was reviewed by Oxford at the time of its receipt.

3. Motherly Love paid monthly premiums to Oxford for its coverage in the amount of approximately $2,432.28.

4. In January and February, 2014, Oxford denied payment for in-home medically necessary nursing service benefits to Robert Franzese, Jr., a beneficiary under the group policy, which Motherly Love was led to believe were covered under the Plan.

5. On March 25, 2014, Robert and Elizabeth Franzese, as parents and natural guardians of Robert Franzese, Jr., filed a Verified Complaint against Oxford asserting, *inter alia*, that Oxford had breached its obligation under the terms of Motherly Love's group health insurance

---

[1] These pages refer to the Administrative Record prepared and submitted by Oxford in connection with Robert Franzese and Elizabeth Franzese, a the parents and legal guardians of Robert Franzese, Jr., a disabled adult v. United Health Care/Oxford, Civil Case No. 14-01902, currently pending before this Court.

coverage by refusing to pay for medically necessary nursing services. (Verified Complaint, Docket No. 1, Civil Case No.14-01902)

6. On August 18, 2014, Oxford filed an Answer denying the material allegations of the Complaint and raising affirmative defenses.

7. Shortly thereafter, on or about October 1, 2014, Oxford wrote to Motherly Love seeking verification of its continued eligibility to participate in the Plan and threatening that if information provided in response to the request was not provided to Oxford's satisfaction, coverage would not be renewed for 2015. (Complaint at ¶ 17)

8. Motherly Love fully cooperated in providing the requested information, but to no avail as Oxford repeatedly demanded documents reflecting actual hours worked by the owners, which Motherly Love does not maintain as one of the owners must be on-call 24 hours per day seven days a week pursuant to Motherly Love's licensing requirements. Records pertaining to individual hours worked by the owners simply do not exist, nor are they required by any state or federal agency. Neither were these or similar records available at the time Motherly Love was qualified by Oxford for eligibility in the Plan, nor was there any indication from Oxford that the absence of such records would preclude this family-run business from participation in the group coverage offered. In fact, no such request was made initially by Oxford, nor by any other insurer providing nursing care benefits for Robert Jr., during the past 30 years. The timing of this sudden and arbitrary questioning immediately following Oxford's response to the aforementioned litigation as to whether Motherly Love was even eligible for coverage that it had qualified and paid for raises an inference as to the motivation behind it.

3

9. On or about December 5, 2014, Motherly Love's insurance broker received confirmation that coverage for 2015 was being extended, and Motherly Love received and paid an invoice in the amount of $2,491.81 representing the first monthly premium covering 01/01/2015 - 01/31/2015. (Seybert Affirmation, Exhibit 3)

10. In direct contradiction, on or about December 18, 2014, Oxford advised Motherly Love that its coverage for the next year would not be renewed. (Complaint at ¶27)

11. On or about December 19, 2014, Motherly Love provided additional documentation in the form of affidavits from both Robert Franzese and Elizabeth Franzese. (Seybert Affirmation, Exhibit 3)

12. Oxford responded on or about December 23, 2014, with a burdensome and overly broad demand for Motherly Love's operating records, including seeking the production of HIPAA sensitive documents from various patients Motherly Love was servicing. (Complaint at ¶ 29) The request was so outrageous that it borders on ethically, if not legally, questionable behavior.

13. If there were any question that Oxford's arbitrary demand for eligibility verification was directly related to its desire to avoid continuing its coverage of Motherly Love, this final demand made that motivation clear.

14. Somewhat frustrated with Oxford's repeated demands for proof of eligibility despite the fact that no circumstances had changed between Motherly Love's initial confirmation of eligibility to participate in the Plan less than one year before, and despite the fact the Oxford had readily accepted Motherly Love's monthly payment of premiums for an entire year based upon that determination of eligibility, Motherly Love provided additional information in an attempt to illustrate the nature of the work environment of a small, closely-held corporation that is required to

4

provide 24/7 staffing under the terms of its health care provider's license. (Seybert Affirmation, Exhibit 4)

15. Oxford refused to extend coverage to Motherly Love for the 2015 year.

16. The complaint for declaratory judgment was filed with this Court by Oxford on January 23, 2015, AFTER the decision not to renew Motherly Love's coverage was made and executed by Oxford.

17. Oxford now seeks to establish standing for this declaratory judgment action by invoking ERISA which raises a very obvious question: If Motherly Love is NOT an eligible participant under the Plan and since Oxford has already made that determination and refused to renew Motherly Love's coverage, then exactly how is Motherly Love subject to or bound by the terms of ERISA?

It is respectfully requested that Plaintiff's application for declaratory relief be denied in its entirety.

## PLAINTIFF'S APPLICATION FOR DECLARATORY RELIEF MUST BE DENIED

It is respectfully submitted that this Court lacks standing to adjudicate Oxford's application for declaratory relief. A fiduciary may bring a civil action under § 502(a)(3) of ERISA "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

5

Standing to seek such equitable relief, however, is determined at the time of the lawsuit, not at the time of the alleged ERISA violations. *Donohue v. Teamsters Local 282 Welfare, Pension, Annuity, Job Training & Vacation & Sick Leave Trust Funds*, 12 F. Supp. 2d 273, 279-80 (E.D.N.Y. 1998).

No matter how Oxford couches its terms, Motherly Love cannot be considered a fiduciary under Oxford's plan if Oxford has, itself, determined that Motherly Love is not a Plan participant because it does not meet the eligibility requirements for participation in that Plan. Similarly, Oxford cannot assert that it is a fiduciary eligible for equitable relief under ERISA if Motherly Love is not an eligible participant in the Plan under which Oxford seeks redress.

Oxford claims that Motherly Love's reliance on the ruling in *Mem'l Hosp. For Cancer & Allied Diseases v. Empire Blue Cross & Blue Shield*, 1994 U.S. Dist. LEXIS at *21 (S.D.N.Y. 1994)("[C]ourts have consistently held that fiduciary insurers ... do not have standing under 29 U.S.C. § 1132(a)(3) to seek clarification of their obligations under ERISA-governed contracts and that such suits are not actions to "enforce" ERISA plan terms), is misplaced, asserting that the case only applies to attempts to preemptively deny benefits, and does not apply to threshold eligibility issues. (Oxford's Memorandum at Page 6) Conspicuous in its absence from this argument, however, is any authority supporting Oxford's assertion that such "threshold eligibility issues" are properly litigated through declaratory judgment actions, especially when such determinations have already been decided and enacted PRIOR to the filing of application for declaratory relief.

Oxford claims in its Memorandum of Law that it has standing to bring this declaratory action "to enjoin any act or practice that violates the terms of the Plan (i.e., an injunction

6

prohibiting Defendants from withholding evidence of eligibility) and/or to obtain other appropriate relief (i.e., a declaratory judgment that Defendants are not eligible for coverage under the Plan after January 1, 2015)." (Oxford's Memo at Page 2)

Despite this claim, Oxford only seeks herein a declaration that its denial of continued coverage to Motherly Love was proper, a determination that was made by Oxford PRIOR to the filing of the instant action and AFTER Motherly Love had expressed that potential claims against Oxford for fraud and fraud in the inducement may arise against Oxford for its failure to abide by the assurances made to Motherly Love prior to enrolling in the group health plan that necessary coverage to pay for medically necessary nursing services was included in their coverage.

It is respectfully submitted that the timing and nature of Oxford's application for declaratory relief, in essence, amounts to an improper attempt to preemptively use the Declaratory Judgment Act to obtain a declaration of non-liability as to Motherly Love's tort claims. *See, e.g., Dow Jones & Co., Inc. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 426-27 (S.D.N.Y. 2002) (noting that the Declaratory Judgment Act was not intended to be applied "for a tactically preemptive purpose of declaring non-liability so as to guard against a tort action").

As Oxford has determined that Motherly Love does not now, nor did it ever, qualify for coverage under its ERISA-based New York Small Group plan, Motherly Love respectfully submits that such ineligibility negates ERISA's applicability and jurisdiction over this declaratory judgment action.

Based upon the foregoing, Oxford's application for declaratory relief must be dismissed as a matter of law.

7

## CONCLUSION

Motherly Love respectfully requests that this Honorable Court dismiss Plaintiff's complaint for declaratory relief its entirety and provide Defendant with such other and further relief as this Court deems just and proper.

Dated: Smithtown, New York
       September 28, 2015

                                    Respectfully submitted,

                                    DUNCAN, FISH & VOGEL, LLP
                                    *Attorneys for Defendants*

                                    By: RICHARD E. FISH, ESQ.
                                    317 Middle Country Road, Suite 5
                                    Smithtown, New York 11787
                                    (631) 979-8001